[No. 37322. Department Two. November 25, 1964.]

JOHN M. HENDERSON, *Respondent*, v. INTERNATIONAL SERVICE INSURANCE COMPANY, *Appellant*.*

*H. Earl Davis*, for appellant.

*Shields, Reiley & Annis*, for respondent.

ROSELLINI, J.—This is an action on a policy of motor-vehicle insurance. The policy was issued to Leslie W. McCoy, who was an airman stationed at Fairchild Air Force Base. While in the performance of his duties at the base, he loaned the insured motor scooter to a fellow airman, John M. Henderson who, while likewise engaged in the performance of his duties, was involved in an accident which caused injuries to a third airman. The injured airman, one Ralph S. Kearns, brought suit against McCoy and Henderson.

Henderson tendered defense of the suit to International Service Insurance Company, which had in effect an insurance policy naming McCoy and describing the motor scooter which was involved in the accident. The International Service Insurance Company denied coverage to Henderson, but settled the claim against McCoy for $1,000.

*Reported in 396 P. (2d) 877.

Allstate Insurance Company had in effect a policy naming Henderson and describing his Ford Station Wagon. Through its attorneys, Allstate negotiated a compromise settlement with Kearns and settled his claim against Henderson for $5,000.

To effect the settlement with Kearns, Henderson executed a loan-receipt agreement with Allstate, and, pursuant to that agreement, brought this action on the policy issued by International Service Insurance Company. The trial court found that this company, as insurer of the vehicle, was the primary insurer, and consequently the plaintiff's policy was excess insurance available only when the primary insurance coverage was exhausted.

The defendant has appealed and contends that the court misconstrued its policy of insurance. That policy provides the following pertinent coverage:

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

" . . .

"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The trial court held that members of the armed forces of the United States are not "employees" of the government, and therefore the exclusionary provision in the omnibus clause, quoted above, was inapplicable. It is the contention of the defendant that servicemen are employees within the meaning of that provision.

■ We need not consider the merits of this contention inasmuch as we are of the opinion that the exclusion clearly does not apply under the facts of this case. Neither Henderson nor Kearns was an employee of McCoy, the named insured, nor were they employees of an additional insured. It is well settled that this type of exclusion applies only where the injured party and the tort-feasor are employees of the named insured (or at least "an" insured) under the policy. *Motor Vehicle Cas. Co. v. Smith,* 247 Minn. 151, 76 N. W. (2d) 486; *State Farm Mut. Automobile Ins. Co. v. Mackechnie* (1940, C.C.A. 8th) 114 F. (2d) 728; *Lumber Mut. Cas. Ins. Co. v. Stukes* (1947, C.C.A. 4th) 164 F. (2d) 571; Couch on Insurance (2d ed.) § 45:588, p. 546. See annotation 50 A.L.R. (2d) 78, "Construction and application of provision of automobile liability policy excluding from coverage injury or death of employee of insured" at page 100. The defendant has cited no authority to the contrary.

This exclusion was meant to apply to employees of the insured, who are presumably covered by other insurance, such as workmen's compensation or employees liability insurance. This is a valid reason for providing such an exclusion, but there is no reason why the policy should exclude protection to the insured against liability to his fellow employees, when their employer is a stranger to the insurance contract, as the United States government was in this case.

We conclude that insofar as it held that the defendant's policy afforded primary coverage in this case, the judgment of the trial court was correct.

The defendant calls attention to an alleged error of the trial court in giving judgment for the full amount claimed by the plaintiff. The policy limits the coverage to $5,000 to any one person for injuries arising out of any one accident. The defendant paid Kearns $1,000 in settlement of his claim against McCoy, the named insured. It is not suggested that this settlement was made in bad faith or that the plaintiff's rights were prejudiced thereby. The defendant's remaining liability to Kearns is not more than $4,000.

The judgment should be reduced in the amount of $1,000. In all other respects, it is affirmed.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.

January 19, 1965. Petition for rehearing denied.