# RALPH E. STIRRATT v. FREDERICK KANE.
# IOWA NATIONAL MUTUAL INSURANCE COMPANY, GARNÍSHEE.

140 N. W. (2d) 345.

February 11, 1966—No. 39,846.

*Taylor, Meany, Kennedy & O'Brien* and *Elmer W. Foster,* for appellant.

*Hoppe & Healy* and *Robert J. Healy,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for a new trial.

The question for decision is whether a policy of liability insurance issued by the garnishee, Iowa National Mutual Insurance Company, obligates the insurer to pay a judgment obtained by plaintiff, Ralph E. Stirratt, against defendant, Frederick Kane, in an action for damages sustained by plaintiff as a result of defendant's negligence in the operation of a motor vehicle owned by the Minneapolis Police Department. The critical fact is that both Stirratt and Kane were acting as employees

of the police department at the time (September 13, 1957) and place of the accident.

The proceedings which resulted in the issuance of the policy of insurance were initiated by an invitation for bids providing in part as follows:

"For covering operators on the following vehicles * * *; personal injury with limits of $25,000 and $50,000. Policy to include omnibus coverage. * * *

\* \* \* \* \*

"Coverage extends to the operators of the vehicles and is not limited to the City of Minneapolis as the named assured, and the policy must clearly state that defense of governmental function, except by written direction of the City Council or Board of Public Welfare, whichever applies is, waived."

The policy designates the named insured as "CITY OF MINNEAPOLIS POLICE DEPARTMENT," and provides in pertinent part as follows:

"INSURING AGREEMENTS

"1.  Coverage A — Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \*

"3.  Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof * * *. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

\* \* \* \* \*

"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of

such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

\* \* \* \* \*

"EXCLUSIONS

"This policy does not apply:

\* \* \* \* \*

"(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

"(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."

The Minneapolis Police Department was self-insured under the Minnesota Workmen's Compensation Act and its employees were eligible for benefits for accidental injury arising out of and in the course of employment.

The policy designates as the "named insured" the "City of Minneapolis Police Department." Plaintiff contends that this designation makes each separate officer of the police department, including defendant, a "named insured" and argues: (1) The "City of Minneapolis Police Department" has no separate existence or identity apart from the individual police officers and hence it cannot be the "named insured"; (2) there must be a named insured for every policy; and (3) the intention of the contracting parties that each individual police officer should be a named insured is shown by (a) the city's lack of need to protect itself since it has immunity from liability for negligence when engaged in the exercise of a governmental function; (b) each officer needs coverage since he can be held individually liable; and (c) the invitation for bids indicates that the purpose of the insurance was to provide coverage for the officers.[1]

---

[1] Minn. St. 471.42 provides: "Any school district, town, borough, village, or city may carry insurance against liability of employees by reason of claims

If plaintiff's argument is correct, the cross-employee exception to the definition of "insured" would not be applicable since the terms of that exception make it so only "to any person or organization other than the named insured."

Even if the primary purpose for obtaining the policy was to provide coverage for police officers while engaged in their employment, this purpose does not compel the conclusion that the parties intended that the officers would be protected as "named insured." The purpose could as likely have been to afford coverage to the officers as omnibus insureds. The specifications for an omnibus clause and that coverage was to extend to the operators of the vehicles which appear in the invitation for bids indicate that this was intended.

Incongruities would result were the court to hold that each officer is a "named insured" under the policy:

(1) If the officers, and not the city of Minneapolis, were the "named insured," there would be no purpose for (a) the cross-employee exception or the employee-exclusion clauses since the officers have no employees that could rightfully use the police vehicles; (b) the special waiver of immunity endorsement in which the insurer agrees not to deny liability of the insured "through the use of the defense of immunity because the insured is a Municipality"; or (c) the omnibus clause.

(2) If each individual officer were a "named insured," the policy would cover, under the definition of "insured," "his spouse if a resident of the same household" or any other person using the vehicle with the permission of the officer or his spouse.

(3) If each officer were a "named insured," the policy would in large part cover him and his spouse with respect to other automobiles used by them.

(4) If every officer, and not the city of Minneapolis, were a "named insured," each officer would have the power to cancel the policy.

---

for bodily injuries, death, or property damage made upon any such employee by reason of his operation of a motor vehicle while performing his duties. Any school district, town, borough, village, or city may defend any suit brought against any such employee to enforce such a claim."

The waiver-of-immunity endorsement indicates particularly an intention on the part of the contracting parties that the named insured should be the city of Minneapolis. It applies the description "named insured" to the municipal corporation. It suggests also that one purpose for the policy was to obtain coverage for the city which would be duplicitous were it to cover injuries to employees entitled to workmen's compensation benefits.

The cross-employee exception has been applied by other jurisdictions to defeat coverage in analogous situations.

In City of Albany v. Standard Acc. Ins. Co. 7 N. Y. (2d) 422, 198 N. Y. S. (2d) 303, 165 N. E. (2d) 869, the New York Court of Appeals held that an automobile liability policy issued by the insurer to a city did not afford coverage to a member of the police force for liability incurred for the wrongful death of another policeman who was fatally injured while a passenger in an insured vehicle and while in the scope of his employment. This decision was based upon a cross-employee exception to the definition of "the insured."

Myers v. Fidelity & Cas. Co. (La. App.) 152 So. (2d) 96, certiorari refused, 244 La. 629, 153 So. (2d) 775, involved a collision between two police vehicles caused by the negligence of one officer and resulting in injury to another. The court held that a policy issued to the city did not cover the liability of the negligent officer for injury to his fellow employee because of the cross-employee exception to the omnibus clause.

Other relevant cases include: McDowell v. United States F. & G. Co. 260 Ala. 412, 71 So. (2d) 64; Stewart v. Liberty Mutual Ins. Co. (5 Cir.) 256 F. (2d) 444; Home Ind. Co. v. Village of Plymouth, 146 Ohio St. 96, 64 N. E. (2d) 248; and Indemnity Ins. Co. v. Malisfski (D. Md.) 46 F. Supp. 454, affirmed (4 Cir.) 135 F. (2d) 910.

The determination of the trial court accords with the language of the policy.

Affirmed.