Gibson A. BARNETTE, Appellant
(Plaintiff),

v.

The HARTFORD INSURANCE GROUP,
a Connecticut corporation, Appellee
(Defendant),

Ray S. Hake, Jr., d/b/a Hake Agency,
and Barnette Enterprises, Inc., a Wy-
oming corporation, (Defendants).

No. 5687.

Supreme Court of Wyoming.

Nov. 19, 1982.

Rehearing Denied Dec. 14, 1982.

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, for appellant.

William S. Bon of Schwartz, Bon, McCrary & Walker, Casper, for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

A judgment against Gibson A. Barnette (the appellant here) in favor of Michael L. Doyle was affirmed by this court in *Barnette v. Doyle*, Wyo., 622 P.2d 1349 (1981). Mr. Barnette then brought this action against The Hartford Insurance Group, Hake Agency and Barnette Enterprises, Inc., a Wyoming corporation, seeking indemnity for the loss he suffered as a consequence of the Doyle judgment. The complaint against Hartford asked for a construction of Hartford's automobile liability insurance policy issued to Barnette Enterprises, Inc., as the named insured, and sought damages for the amount of the judgment together with the attorney's fees that were incurred in the Doyle litigation. In response, the insurance company admitted the authenticity, existence and issuance of the policy and that it had been issued by one of its companies in the Hartford group.

Hartford filed a motion for summary judgment, which the court granted holding that the Hartford policy did not afford coverage to Gibson A. Barnette for the acci-

dent and the judgment rendered in *Doyle v. Barnette,* supra. Ray S. Hake, Jr., and Barnette Enterprises, Inc. are not parties to this appeal.

We will reverse.

## FACTS

The relevant facts which formulate the basis for the verdict and judgment in the Doyle case, and for which Mr. Barnette now seeks to be indemnified by Hartford, are set forth in the reported decision in *Barnette v. Doyle,* supra. In brief, Doyle was injured in worker's compensation-covered employment when the brakes of a Barnette Enterprises, Inc. truck driven by a co-employee named Lenise Williams failed, causing the vehicle to roll backwards, knock Doyle to the ground and run over his legs. It was for these injuries that Doyle recovered damages from Mr. Barnette. At the time, Barnette was the president of Barnette Enterprises, Inc., but was actively engaged in day-to-day employment with Casper Mud Service, a division of the corporation. In *Barnette v. Doyle,* supra, this court agreed that Barnette was a co-employee with Doyle and liable for the breach of any duty that one employee owes to a fellow employee. We held that the record contained sufficient evidence to support a finding that Barnette owed a duty to Doyle to furnish him reasonably safe equipment (the truck). For his failure to do that, he was found 100% culpably negligent by the jury and this court found no reason for disturbing that result. We also agreed that the evidence was sufficient to support the jury's finding that Barnette was culpably negligent in failing to have the defective brakes repaired.

## THE ISSUE

The sole issue for our review is whether the trial court erred in deciding as a matter of law that Gibson A. Barnette was not covered by the terms of the liability insurance policy issued by The Hartford Insurance Group to Barnette Enterprises, Inc. for the damages and costs incurred by Mr. Barnette in *Barnette v. Doyle,* supra.

## THE LAW

The principal inquiry for our attention has to do with the interplay between the policy's "cross-employee exclusionary clause" and the "severability-of-interest clause". Paraphrased, the cross-employee exclusionary clause says that an employee who injures a fellow employee while in the scope of employment is not an insured under the employer Barnette, Inc.'s motor vehicle public-liability policy. The severability-of-interest clause says that the insurance applies *separately* to each "person insured" and "executive officers" of the named insured are "persons insured" under the policy. Barnette was an executive officer of Barnette, Inc. as well as Doyle's co-employee in the services of Barnette, Inc. when the injury was inflicted.

Given these seemingly contradictory provisions, the case asks: Was Barnette, the *additional insured,* covered? As we have said, we will hold that he was.

### The Cross-Employee Exclusionary Clause

If it were not for the severability of interest clause, which makes executive officer Barnette a separate insured under the policy, it could be presumed that he might be denied coverage by the cross-employee exclusionary clause contained in the Hartford contract. At least it can be said that prior to the introduction of the severability-of-interest clause to the standard automobile liability insurance policy, the courts of the country were in rampant disarray with respect to whether coverage would extend to an additional insured seeking protection from the claim of a co-employee and who was not himself or herself the claimant's employer.

The severability clause in the definitions section of the Hartford policy provides:

" 'insured' means any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. *The insurance afforded applies separately to each insured against whom claim is made or suit is brought,* except with respect to the limits of the company's liability;" (Emphasis added.)

Included in the "persons insured" category are the named insured and *"any partner or executive officer thereof."* (Emphasis added.) As we have said, Barnette was an "executive officer" in Barnette Enterprises, Inc.

The Cross-Employee Exclusion Clause Section II of the automobile part of the policy provides:

> *"None* of the following is an insured:
> "(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;" (Emphasis added.)

Given the above-quoted provisions,[1] and absent the severability-of-interest clause which we will discuss later, the policy excludes from the definition of insured any person who, while engaged in the business of his employer (Barnette was functioning as an employee of Casper Mud, a division of Barnette Enterprises, Inc., the named insured), inflicts bodily injury upon a fellow employee (Doyle was a co-employee of Barnette, the tortfeasor) where the injury occurs in the course of employment. It is conceded that the injury was inflicted when both Barnette and Doyle were engaged in the course and scope of their employment as they discharged their co-employee obligations to Casper Mud Service, a division of Barnette Enterprises, Inc., the named insured.

Looking to the rationale of the cross-employee exclusionary clause, it is said in Couch on Insurance 2d, § 45:545, "Validity of exclusion provision":

> "Provisions excluding from the coverage of automobile liability policies liability for injury or death of the insured's employees have generally been recognized as a valid attempt to limit the coverage of the policy by excluding therefrom the special hazards incident to the master-servant relationship, coverage for which is usually available through workmen's compensa-

tion or employer's liability insurance, * * *."

Therefore, the protection furnished by an automobile liability policy is not imperative where employee injuries are concerned because—at least where employees are engaged in hazardous occupations—these injuries are usually compensated through worker's compensation. This being so, the courts, in giving force and effect to the cross-employee exclusionary clause, have held that it is not necessary to impose upon the employer the extra expense of insuring his employees. See Annot., 45 A.L.R.3d 288, 295, Construction and Application of Provision of Automobile Liability Policy, § 3.

In *Myers v. Fidelity and Casualty Co. of New York,* La.App., 152 So.2d 96 (1963), the court said that the reason for the employee exclusionary clause was that the remedy for one employee injuring a fellow employee should be workmen's compensation. The court in *Bevans v. Liberty Mutual Ins. Co.,* 356 F.2d 577 (4th Cir.1966) explained that the employer is exposed to two types of claims—one from the public and the other from the workers. The court said that the employer in computing premium cost should be able to rely on the liability policy for protection from public claims and workmen's compensation contributions for protection against workers' claims from injuries suffered at the hands of fellow employees.

As reported in 45 A.L.R.3d, 296, supra, the rationale of the Bevans court goes like this:

> "If the insurer were to be liable for injuries to an employee committed by his fellow employee, the court continued, it would have to increase its premiums and would require the employer to pay twice for protection against claims of employees, once under his employer liability policy and again under his general liability

---

1. We do not say these or other relevant provisions of the policy are easy to read. The Supreme Court of Massachusetts, in commenting upon the business of reading insurance contracts, said:

"Rare, indeed, is the insurance policy which permits easy reading. The language is generally forbidding, if not esoteric." *Markline Co., Inc. v. Travelers Ins. Co.,* Mass., 424 N.E.2d 464, 465 (1981).

policy, so that it became necessary to include the 'employee exclusion' provision which excluded coverage for injury or death of any employee of the insured arising out of and in the course of his employment, for the purpose of distinguishing employer liability coverage from general public insurance."

In *Stirratt v. Kane,* 273 Minn. 205, 140 N.W.2d 345 (1966), injuries to one police officer arising out of the negligent operation of the police vehicle by his fellow officer were excluded from coverage by the cross-employee exception, the court holding that the purpose of the clause was to exclude from coverage the named insured employer in those cases where the injured person was covered by workmen's compensation. See also: *Campbell v. American Farmers Mut. Ins. Co.,* 238 F.2d 284 (8th Cir.1956); *Merchants Indemnity Corp. of N.Y. v. Victory Iron Works, Inc.,* 80 N.J.Super. 7, 192 A.2d 592 (1963), aff'd 42 N.J. 364, 200 A.2d 782 (1964); *Morfoot v. Stake,* 174 Ohio St. 506, 23 Ohio Ops.2d 144, 190 N.E.2d 573 (1963); *Allstate Ins. Co. v. Hill,* 378 F.2d 112 (6th Cir.1967); *Henderson v. International Service Ins. Co.,* 65 Wash.2d 300, 396 P.2d 877 (1964).

## Severability-of-Interest Clause

If the rationale for the cross-employee exclusionary clause is that the insured employer should not have to pay a premium for liability insurance which is increased by including coverage for employees upon whom he also pays for worker's compensation benefits, how does that logic pertain to an analysis of the severability-of-interest clause when the two provisions are contained in the same automobile liability insurance policy?

Even as Barnette, Inc. and those driving an owned vehicle with the named insured's permission are "insured" under the provisions of Hartford's policy, Mr. Barnette is also an additional "insured"—a fact with respect to which there should be no issue in this case.[2] Barnette is an additional insured for the reason that at the time of

Doyle's injury, he, Barnette, was an "executive officer" in Barnette Enterprises, Inc., the named corporate insured which was also the employer who contributed to the worker's compensation fund in behalf of the injured employee. Barnette argues that, in these circumstances, the cross-employee exclusionary clause does not deny him coverage because the severability-of-interest clause of the policy comes to his rescue. In other words, Barnette says that as a nonemployer additional insured, his interests are so separate and different from and independent of those of the named insured that it is as though he had been issued a separate liability insurance policy altogether. This being so, Barnette concludes that, since he is an "insured" who is *not* an employer— does not have any employees—the cross-employee exclusionary provisions of the Hartford policy do not serve to deprive him of coverage.

The appellant goes on to contend that if we were here involved with a situation in which the injured person (*Doyle*) was an employee of the party seeking protection under the policy, (*Barnette Enterprises, Inc.*) then the cross-employee exclusionary provision would preclude indemnification notwithstanding the presence of the severability-of-interest clause. This would be perfectly reasonable, he says, because worker's compensation covered Doyle, an employee of Barnette, Inc. He argues that, since this is so, there would be no good purpose to be served by causing the contributing employer Barnette, Inc., the named insured, to pay worker's compensation benefits for Doyle and also an increased policy premium to cover him in circumstances where Doyle would not have a cause of action against his contributing employer Barnette, Inc., since his right to worker's compensation benefits is an exclusive remedy.

On the other hand, says the appellant Barnette, given the severability clause of the Hartford policy which provides that the

**2.** The trial judge in his memorandum letter to the attorneys indicates that Barnette is not an "insured" under the policy. Barnette is "insured." The issue is whether or not the law will hold him to be covered—even though "insured."

insurance "applies separately to each insured against whom claim is made," I am separately and independently insured just as is the named insured Barnette Enterprises, Inc. and as are those who are additionally insured under the omnibus clause. I who seek protection under the policy as an insured cannot be denied by the cross-employee exclusionary clause because when the cross-employee exclusionary clause is applied *"separately"* to me, it will readily be observed that I am not an insured employer who is seeking policy protection from claim or suit by an employee of mine. The clause, says Barnette, was not designed to exclude me from coverage any more than it was intended to exclude nonemployer omnibus-clause insureds who are not employers seeking protection from a claim by an employee of the named insured.[3]

■ The rule that Barnette urges is this: The cross-employee exclusionary clause denies indemnity where the injured person is an employee of the insured seeking coverage but—it does not deny indemnity where the injured person is *not* an employee of the insured who seeks protection under the policy.

The court agrees that this is the rule applicable to the facts of this case under the following reasoning and supporting authorities.

In any analysis of this issue, it is important to ask which insured is seeking protection from the suit or claim. Is it an insured employer who has employees making claims and which employer seeks the policy's protection as would be the case if Barnette

Enterprises, Inc. were seeking protection from suit by Doyle? Or, on the other hand, is the insured who seeks protection not an employer at all as is the case with Mr. Barnette? In the first instance, the cross-employee exclusionary clause will serve to deny the indemnification; in the second, it will not. Barnette falls into the category where coverage is *not* denied by the cross-employee exclusionary clause of the Hartford policy because he is not an employer seeking protection from claims by injured employees.

Mr. Barnette puts it this way in his brief: " * * * where a policy of insurance, as in the case at bar, contains a severability of interest clause such as the one in this case, the 'fellow employee exclusion' is limited in application to a situation where the claim for bodily injury is made by an employee of the *particular insured against whom the claim is asserted.*" (Emphasis in text of brief.)

He relies upon a group of cases which hold:

" * * * [W]here a policy of insurance contains a 'severability-of-interests' clause * * * the 'employee exclusion' is limited in application to a situation where the claim for bodily injury is made by an employee of the particular insured against whom the claim is asserted. *United States Fire Insurance Co. v. McCormick,* 286 Ala. 531, 534–536, 243 So.2d 367, 373–375; *Marwell Const., Inc. v. Underwriters at Lloyd's, Lon.,* Alaska, 465 P.2d 298, 304–305; *Emp. Mut. Liab.*

**3.** Couch on Insurance 2d, § 45:581, pp. 983–984, under "Exclusion clause as limited to employee of defending insured" says that there is substantial authority which holds that:

"* * * [T]he employee exclusion clause is not operative unless the employee in question is an employee of the particular person against whom he is asserting his claim, whether or not such defendant employer be the named insured or an omnibus insured. That is, to be an 'employee' within the employee exclusion clause of an automobile liability policy, the person must have been in the employ of that particular insured, whether a named insured or an omnibus insured, against whom the claim is being asserted and who is the party claiming coverage. By this

view, the fact that the claimant is an employee is immaterial unless he is the employee of the defendant insured. Accordingly, in an action against the additional insured by an employee of the insured, such employee was not within the exclusion clause, since no employer-employee relationship existed between the additional insured and the employee of the named insured.

"In other words, the protection afforded by the policy to the named insured or under the omnibus clause to an additional insured operating a car with permission excludes their respective employees but affords protection to each where the claimant is the employee of the other who is not being sued." (Footnotes omitted.)

*Ins. v. Farm Bur. Mut. Ins.,* [261] Ark. [362], 549 S.W.2d 267; *Shelby Mutual Ins. Co. v. Schuitema,* Fla.App., 183 So.2d 571, Aff'd, 193 So.2d 435; *Ratner v. Canadian Universal Insurance Company,* 359 Mass. 375, 380–381, 269 N.E.2d 227, 229–230; *Liberty Mutual Ins. Co. v. Iowa National Mut. Ins. Co.,* 186 Neb. 115, 181 N.W.2d 247; *Liberty Mut. Ins. Co. v. Home Ins. Indemnity Co.,* [116] N.H. [12], 351 A.2d 891, 894; *Bankers & Shippers Ins. Co. of N.Y. v. Watson,* 216 Va. 807, 224 S.E.2d 312." *Zenti v. Home Ins. Co.,* 262 N.W.2d 588, 590.

The rationale for this position was first expressed in *General Aviation Sup. Co. v. Insurance Co. of No. America,* 181 F.Supp. 380, 384 (1960), aff'd 283 F.2d 590 (8th Cir.1960) where the court stated:

"The logical theory for the employee exclusion is to prevent employees of the tort feasor from suing his employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's compensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured."

The court in *Zenti v. Home Ins. Co.,* supra, goes on to say:

"Recently the Maryland Court of Appeals in *Pennsylvania National Mut. Cas. Ins. Co. v. Bierman,* 266 Md. 420, 292 A.2d 674, a case nearly identical to the one at bar, thoroughly discussed the advent of severability clauses and concluded an executive vice-president of a construction company was entitled to coverage in a suit brought by an injured iron worker. After concluding the employee exclusion was inapplicable the court stated at 266 Md. at 428, 292 A.2d at 678:

" ' * * *. Indeed, as we have pointed out, most courts now interpret "Severability of Interests" clauses as expressing an acknowledgment on the part of insurance companies that *the term "insured" does not always mean any insured who could claim coverage under the policy but only the insured claiming coverage.'*

"Leading authorities on insurance law fully support the construction given the severability clause by the aforementioned jurisdictions. See 1 Long, Law of Liability Insurance, section 6.12, 'Severability of Interests', at 6–46–6–52; Risjord and Austin, ' "Who is 'The Insured' " Revisited', 28 Insurance Counsel Journal 100." (Emphasis added.) 262 N.W.2d at 590–591.

The Illinois Supreme Court retreated from a narrow position with respect to the employee exclusionary clause in *United States Fidelity and Guar. Co. v. Globe Indemnity Co.,* 60 Ill.2d 295, 327 N.E.2d 321, 323 (1975), where the court considered a severability clause such as that contained in the Hartford policy, and said:

"*After due consideration to the language and intent of the policy, we conclude that the severability clause provides each insured with separate coverage, as if each were separately insured with a distinct policy, subject to the liability limits of the policy. The employee exclusion, therefore, does not exclude protection for an additional insured against an injury suffered by an employee of another insured. The exclusionary clause applies only to the situation where an insured is sued by its own employee.*" (Emphasis added.)

In *Commercial Standard Ins. Co. v. American General Ins. Co.,* 455 S.W.2d 714, 48 A.L.R.3d 1, 10–12 (1970), the Texas Supreme Court, in retreating from an earlier and narrower interpretation of the cross-employee exclusionary clause, has this to say:

"In *Float-Away Door Co. v. Continental Casualty Co.,* 372 F.2d 701, 708 (5th Cir. 1967), cert. denied, 389 U.S. 823, 88 S.Ct. 58, 19 L.Ed.2d 76 (1967), Judge Rives writing, it is stated:

" 'The better reasoned cases adopt a restrictive interpretation of the insured as referring only to the party seeking coverage under the policy. See decision in *Maryland Casualty Co. v. American Fidelity & Cas. Co.*, E.D.Tenn. 1963, 217 F.Supp. 688. The primary objective of such exclusionary clauses is to avoid duplication of coverage with respect to compensation insurance. With that purpose in mind, there seems to be no reason why an insured should not be indemnified against the claim of an employee outside of that insured's employment.' [ (Emphasis omitted.) ]

"For cases holding that there was coverage and a duty to defend, see, *Pepsi-Cola Bottling Co. of Charleston v. Indemnity Ins. Co. of North America*, 318 F.2d 714 (4th Cir. 1963); *Stewart v. Liberty Mutual Ins. Co.*, 256 F.2d 444 (5th Cir.1958); *Leonard v. Union Carbide Corp.*, 180 F.Supp. 549 (S.D. Indiana 1960); *Walker v. Firemens Fund Ins. Co.*, 268 F.Supp. 899 (D.C.Montana 1967); *General Aviation Supply Co. v. Insurance Co. of North America*, 181 F.Supp. 380 (E.D.Missouri 1960); *Canadian Indemnity Co. v. State Auto Insurance Association*, 174 F.Supp. 71 (D.C.Oregon 1959); *Travelers Ins. Co. v. American Fidelity & Casualty Co.*, 164 F.Supp. 393 (Minnesota, 3rd Div., 1958); *Pleasant Valley Lima Bean Growers and Warehouse Ass'n v. Cal. Farm Ins. Co.*, 142 Cal.App.2d 126, 298 P.2d 109 (1956); *Pullen v. Employers Lmbr. Ass'n Corp.*, 230 La. 867, 89 So.2d 373 (1956); *Spurlock v. Boyce-Harvey Machinery Inc.*, 90 So.2d 417 (La.App.1956); *Maryland Casualty Co. v New Jersey Manufacturers Casualty Insurance Co.*, 28 N.J. 17, 145 A.2d 15 (1958); *City of Albany v. Standard Accident & Insurance Co.*, 7 N.Y.2d 422, 198 N.Y.S.2d 303, 165 N.E.2d 869 (1960); *Greaves v. Public Service Mutual Insurance Co.*, 5 N.Y.2d 120, 181 N.Y.S.2d 489, 155 N.E.2d 390 (1959); *Employers Liability Assurance Corp. v. Liberty Mutual Insurance Co.*, 167 N.E.2d 142 (Ohio Com.Pl.1959); *Travelers Ins. Co. v. Buckeye Union Casualty Co.*, 160 N.E.2d 874 (Ohio Com.Pl.1959); *Cimarron Insurance Co. v. Travelers Insurance Co.*, 224 Or. 57, 355 P.2d 742 (1950).

"Though the cases were in conflict prior to the addition of the severability of interests provision in 1955, there was substantial authority in support of the construction that the rights of each insured under the policy are to be determined as if there were no other person protected thereby. *Kaifer v. Georgia Casualty Co.*, 67 F.2d 309 (9th Cir. 1933); *Pullen v. Employers Liability Assurance Corp.*, 230 La. 867, 89 So.2d 373 (1956); *Sandstrom v. Clausen's Estate*, 258 Wis. 534, 46 N.W.2d 831 (1951); *Shanahan v. Midland Coach Lines*, 268 Wis. 233, 67 N.W.2d 297 (1954).

"In the *Pullen* case, which policy did not contain a severability of interests clause, the court, in discussing the omnibus clause and the employee exclusion clause, said (89 So.2d p. 377):

" 'Under the foregoing provisions, an insured, who may be liable for workmen's compensation or whose employee may suffer injury or death while engaged in his employment, is excluded from coverage. *The basis for exclusion is the existence of an employer-employee relationship between the injured and the insured,* and the insured must be identified as the employer to be subject to exclusion. ·In the absence of an employer-employee relationship between the insured and the injured, exclusion does not apply to the insured, and the latter remains under the protective coverage of the policy. There can hardly be any dispute as to whether Mitchell [an omnibus insured] is the insured sought to be excluded from coverage by the exceptions, because he is the *only insured against whom liability is sought* and through whom, Employers, the exceptor is sought to be held. Insofar as the pleadings are concerned, there is no other insured involved in this proceeding. But even if any other insured or any number of insureds were involved directly or indirectly and whether or not their liability was sought, *the test of identification for exclusion must be applied to each specifically and not to all collectively,* as heretofore shown, and the exclusion or non-exclusion of · any insured has no reference or relevance to that of any other insured where there is no connection or relationship between them.' [Emphasis in text.]

"It would appear that the 'Severability of Interests' clause was added to the standard automobile policy for the purpose of giving each person insured thereby the protection which was not afforded by the interpretation of earlier policies made by some courts. As stated in *General Aviation Supply Co. v. Insurance Co. of North America,* 181 F.Supp. 380 at 384 (E.D.Mo.1960), affirmed 8 Cir., 283 F.2d 590:

" 'The logical theory for the employee exclusion is to prevent employees of the tort feasor from suing his (sic) employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's compensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when a policy contains a severability clause, for there can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured . . . .'

"We must assume that the 'Severability of Interests' provision was added to the standard policy for some purpose. This is a plain and unambiguous provision.

" '6. Severability of Interests—Coverages A and B. The term "the insured" is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limit of the company's liability.' Although the unqualified words 'the insured' are used, they can refer to the named insured and one or more additional insureds. The words do not always mean the named insured and one or more omnibus insureds; otherwise, we would be giving meaning to the word 'collectively' and ignoring the word 'severally.' The word 'severally' is defined in Black's Law Dictionary, 4th Ed. 1957, as:

" 'Distinctly, separately, apart from others . . . . When applied to a number of persons the expression severally liable usually implies that each one is liable alone.'

"When applied to insurance coverage, severally covered means to us that each individual insured has coverage.

"Stated otherwise, the term 'the insured' as used in this policy must be examined by first applying the 'severability of interests' test. 'The insured' does not refer to all insureds; rather, the term is used to refer to each insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage thereunder. When a claim is made against one who is an 'insured' under the policy, the latter is 'the insured,' for the purpose of determining the company's obligations with respect to such claim. The only limitation in this clause is to the effect that the 'inclusion herein of more than one insured shall not operate to increase the limit of the company's liability.' "

The concept upon which Barnette relies is also described in 48 A.L.R.3d 13, 97, Automobile Insurance—Insured's Employee, § 29 "Effect of 'severability of interests' clause":

"The contention has been made in a number of cases that *the purpose of the policy revision inserting such a clause was to* clarify the confusion which had existed on account of conflicting decisions and to *support the theory that the obligations of the insurer to the named insured and the additional insured should be treated separately and the exclusion provision treated as if a separate policy had been issued to the person invoking its coverage, with the result that for purposes of the exclusion provision, an injured person would not be considered within the employee exclusion unless he was an employee of the insured person seeking protection under the policy.*

"In a number of cases the court, in taking the position that an employee exclusion clause did not apply where the injured person was not an employee of the particular insured seeking protection under the policy, has based such position in whole or in part upon the fact that the policy contained a severability of interests clause, or have recognized that the pres-

ence of such clause would have such effect." (Emphasis added.)

Speaking of the effect of a severability clause upon the employee exclusionary clause, Couch on Insurance 2d, § 45:549 "Construction of exclusion provision" p. 949, says:

"The presence of a severability clause, has been held to work a liberalizing effect in that an additional insured who injures one of the named insured's employees may have coverage in spite of the exclusion."

Consistent with this theory, the court, in *Marwell Const. Inc. v. Underwriters at Lloyds, London,* Alaska, 465 P.2d 298 (1970) held the cross-employee exclusion clause did not operate to deny coverage to the tortfeasor co-employee since the insured seeking protection under the policy was an additional insured and the injured person was not its employee.

In *Liberty Mutual Ins. Co. v. Iowa National Mut. Ins. Co.,* 186 Neb. 115, 181 N.W.2d 247 (1970), a clause that excludes application of the policy to employees of the insured or to injuries for which the insured could be held liable under workmen's compensation, does not exclude injury claims of an employee of the named insured against an additional insured. The holding was based upon the presence of a severability-of-interests clause which the court said had been added to the policy for the purpose of making clear that the additional insured was covered notwithstanding the employee exclusion clause *where the injured employee was not an employee of the additional insured seeking protection.*

While this court recognizes that the courts throughout the country have had trouble with the cross-employee exclusionary clause when applied to additional insureds who are not themselves employers seeking the protection of the policy from claims or suits by injured employees (especially where the additional insured tort-feasor is a co-employee of the named insured), we also find that the insurance industry itself has attempted to clarify the problem by adding the severability-of-interest clause to the standard automobile public liability policy. By this addition the policy clearly intends that the "insured", with whom we are at any given time concerned when applying the cross-employee exclusionary rule, must be held to be the insured seeking protection under the policy. If that insured is an employer whose employees are making a claim against him or her, the cross-employee exclusionary rule serves to preclude coverage. Why? Because such an employer has paid for the protection of those workers through worker's compensation contribution and there is therefore no good purpose to be served by causing him or her to pay for double coverage especially where it furnishes no additional protection given the fact that the injured employee is foreclosed from bringing suit against the contributing employer because of the exclusive remedy provisions of the worker's compensation law.

■ If, on the other hand, the insured in question is *not* an employer who seeks policy protection from the claims of employees, then the cross-employee exclusionary rule cannot interfere with the coverage of that insured—and why should it? Such an insured has no employer-employee relationship with which to be concerned. He is not one who is obligated to protect employees through either compensation contribution or private insurance. He is just an additional insured as is, for example, an omnibus additional insured for whom the named insured has contracted with its insurance company to furnish protection. Coverage should not be denied to an insured by the cross-employee exclusionary clause of the contract when that clause has no applicability to the insured person seeking protection. Barnette falls within this classification. He is not an employer seeking protection from claims arising out of an injury to his employee and is therefore not precluded by the cross-employee exclusionary clause from coverage by the Hartford policy.

Reversed and remanded for entry of judgment consistent with this decision.

ROONEY, Justice, dissenting.

I dissent. I part company with the majority of the court (1) in its contention that the trial court erred in holding that appel-

lant was not an "insured" under the insurance contract, and (2) in its resulting effort to apply law relative to a "cross employee exclusionary" clause to this case.

## STANDARD

Following is the standard by which we examine contracts on appeal:

"Our basic purpose in construing or interpreting a contract is to determine the intention and understanding of the parties. [Citations.] If the contract is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the contract. [Citations.] And the contract as a whole should be considered, with each part being read in light of all other parts. [Citations.] The interpretation and construction is done by the court as a matter of law. [Citations.]

"If the contract is ambiguous, resort may be had to extrinsic evidence. [Citations.] An ambiguous contract 'is an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present.' [Citation.] Ambiguity justifying extraneous evidence is not generated by the subsequent disagreement of the parties concerning its meaning. [Citation.]" *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, Wyo., 612 P.2d 463, 465 (1980).

"It is one thing to interpret a contract or to discern the contractual intent of the parties pursuant to established legal rules, but it is another thing to make a contract for the parties. We are obliged to do the former, and we are prohibited from doing the latter.

"'Courts may not rewrite contracts under the guise of interpretation. * * *' *Quin Blair Enterprises, Inc. v. Julien Construction Company*, supra, 597 P.2d at 951 (1979)." *McCartney v. Malm*, Wyo., 627 P.2d 1014, 1020 (1981).

## THE CONTRACT

The language of the contract is plain. It affords insurance pursuant to "the Coverage Parts forming a part hereof." One of the definitions set out in it is:

" 'insured' means any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately *to each insured* against whom claim is made or suit is brought, except with respect to the limits of the company's liability." (Emphasis added.)

The majority places emphasis on the last sentence of this definition and refers to it as a "severability of interest" clause. I can accept it as such clause although the usual wording of a severability of interest clause:

"generally states that the term 'the assured' is used severally and not collectively, but that the inclusion of more than one assured shall not operate to increase the limits of the insurer's liability." Annotation: Validity, construction, and application of provision in automobile liability policy excluding from coverage injury or death of employee of insured, 48 A.L. R.3d 13, § 29, p. 96.

However, the last sentence of the definition of "insured" in the contract is applicable only if the insured is identified under the first sentence thereof. In other words, the person must first qualify under the "persons insured" provision of the applicable "coverage part" before the "severability of interest" clause comes into play. Among the "coverage part" of the contract are two of pertinency: Comprehensive General Liability Insurance part and Comprehensive Automobile Liability Insurance part. The Comprehensive General Liability Insurance part is of interest only insofar as the language therein fortifies the different language contained in the Comprehensive Automobile Liability Insurance part—to be noted specifically later.

Pertinent portions of the "Persons Insured" provision of the Comprehensive Automobile Liability Insurance part are as follows:

"II.  PERSONS INSURED

"Each of the following is an insured under this insurance *to the extent set forth below:*

"(a) the named insured;

"(b) any partner or executive officer thereof, * * *;

"(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * * [1]

\*　　\*　　\*　　\*　　\*　　\*

"*None of the following is an insured:*

"(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;" (Emphasis added.)

The language is specific in not including within an insured status one who is a fellow employee of the person injured "while engaged in the business of his employer." And this is so whether or not the non-included one is the named insured, a partner or executive officer of the named insured, or someone using the automobile with permission of the named insured.

In this case, then, Barnette was not an insured since he was engaged in the business of his employer with respect to the injury to his fellow employee in the course of employment. Inasmuch as he was not an insured, the "severability of interest" clause did not apply since it "applies separately to each insured" and only to each *insured.*

For the same reason, the "cross employee exclusionary" clause need not be considered in this case. It is a clause which normally appears among others in the "exclusions" section of an insurance contract. Each part of the contract in this case is divided into sections with headings of "Exclusions," "Persons Insured," "Limits of Liability," etc. Inasmuch as Barnette does not qualify as an "insured" under the "Persons In-

sured" section of the Comprehensive Automobile Liability Insurance Coverage part, it is unnecessary to determine whether or not he is excluded under the "Exclusions" section. Such section has application only to the "insured." It provides in pertinent part:

"This insurance does not apply:

\*　　\*　　\*　　\*　　\*　　\*

"(b) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

"(c) to bodily injury to any employee *of the insured* arising out of and in the course of his employment *by the insured* * * *." (Emphasis added.)

Barnette did not have coverage in the first instance since he was not an insured.

Any consideration of interplay between the "cross employee exclusionary" clause and the "severability of interest" clause is an exercise in futility.

## OTHER CONTRACTS

Contrary to the contract involved in this case, the contracts involved in the cases cited in the majority opinion do afford insurance coverage to the actor as an "insured" and the issues do then involve the interplay to the "severability of interest" clause and the "exclusion" clause. The wording in such contracts is similar to the wording in the Comprehensive General Liability Insurance part of this contract.[2] Included under its "Persons Insured" provisions are the named insured and "any executive officer, director or stockholder thereof while acting within the scope of his duties as such," but fellow employees are not excluded as "Persons Insured" except with respect to "mobile equipment" [3] operated on

---

**1.** This clause (subsection c) is commonly referred to as the "omnibus" clause.

**2.** Coverage cannot be claimed in this case under the Comprehensive General Liability Insurance part inasmuch as the following is one of the exclusions contained therein:

"(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

"(1) any automobile * * *."

**3.** "Mobile equipment" is defined as follows: "* * * a land vehicle (including any machinery or apparatus attached thereto), whether or not self propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for

a public highway. Accordingly, the "severability of interest" clause would apply to Barnette if this coverage part was available to his use inasmuch as he would be an "insured" under this coverage part of the contract. As in the cases cited in the majority opinion, the "Exclusions" provisions of this part of the contract provide in pertinent part (as do those in the Comprehensive Automobile Liability Insurance Coverage part, supra):

"This insurance does not apply:

\*     \*     \*     \*     \*     \*

"(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

"(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured \* \* \*."

Under the Comprehensive General Liability Insurance part of this contract, the seemingly contradictory provisions ("severability of interest" clause and "cross employee exclusionary" clause) referred to by the majority opinion could exist and the result reached by the majority opinion could result. But the Comprehensive General Liability Insurance Coverage part of the contract does not apply to this case (see fn. 2), and Barnette's recovery against appellee, if any, must be based on the Comprehensive Automobile Liability Insurance Coverage part of the contract. As already noted, the Comprehensive Automobile Liability Insurance Coverage part does not include Barnette as an insured as does the Comprehensive General Liability Insurance Coverage part—and as do the cases cited in the majority opinion relative to Barnette's coverage under the policy.

The lengthy quotation in the majority opinion from *Commercial Standard Insurance Company v. American General Insurance Company*, Tex., 455 S.W.2d 714, 48 A.L.R.3d 1 (1970), recognizes that the "severability of interest" clause applies separately *to the insureds* and that, therefore, the *exclusion from insurance* must be separately applied. The contract included the actor as an insured and then provided an *exclusion* with the words "this policy does not apply \* \* \*." This is not the same as in the case where the actor was not an insured at all and therefore not subject to the "severability of interest" clause. Barnette was never an insured, and it would be straining the reasoning of the Texas court to apply such reasoning to this case. The Texas case is also distinguishable on the facts. It is a contest involving insurance for a subcontractor, and it is a contest between insurance companies—as are some of the other cases cited in the majority opinion.

The insurance contract involved in the following cases which are those cited or quoted from in the majority opinion relative to this issue did not exclude the actor from the status of an insured and the issue centered around the *exclusion* clauses in the contracts. The contract directions were that "this policy does not apply \* \* \*" or "this insurance does not apply \* \* \*" to the actor under certain circumstances: *General Aviation Supply Co. v. Insurance Company of North America*, 181 F.Supp. 380 (E.D.Mo. 1960); *Zenti v. Home Insurance Company*, Iowa, 262 N.W.2d 588 (1978); *United States Fidelity & Guaranty Company v. Globe Indemnity Company*, 60 Ill.2d 295, 327 N.E.2d 321 (1975); *Marwell Construction, Inc. v. Underwriters at Lloyd's, London*, Alaska, 465 P.2d 298 (1970); *Liberty Mutual Insurance Company v. Iowa National Mutual Insurance Company*, 186 Neb. 115, 181 N.W.2d 247 (1970); *United States Fire Insurance*

use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders; scrapers, rollers and other road construction or repair equipment; aircompressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment."

Company v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970); *Shelby Mutual Insurance Co. v. Schuitema,* Fla.App., 183 So.2d 571 (1966), aff'd 193 So.2d 435 (1967); *Ratner v. Canadian Universal Insurance Company,* 359 Mass. 375, 269 N.E.2d 227 (1971); *Liberty Mutual Insurance Co. v. Home Insurance Indemnity Co.,* 116 N.H. 12, 351 A.2d 891 (1976); and *Bankers & Shippers Insurance Company of New York v. Watson,* 216 Va. 807, 224 S.E.2d 312 (1976).

The annotation at 48 A.L.R.3d 13, supra, quoted in the majority opinion, concerns itself with the specific provisions in automobile liability insurance policies "expressly *excluding* from coverage under the policy injury to, or death of, an employee of the insured." It is predicated on the assumption that the actor is an *insured.* It discusses the definite split of authority on the question of insurance coverage *under the exclusion clause* when the actor is not the employer of the injured person [4]—thus addressing the question of who is an insured *under the exclusion clause.* But it anticipates that the actor is an insured in the first instance, a condition not here present.

The quotation in footnote 3 of the majority opinion from 12 Couch on Insurance 2d, § 45:581 also has reference to the effect of the "exclusion" clause on an *insured.* Couch goes on to say in § 45:589:

"In order to avoid the conflicting results discussed above with regard to actions between fellow employees, insurers have in recent years inserted in the omnibus clause a limitation stating that 'the insurance with respect to any person or organization other than the named insured does not apply to any employee with respect to injury to or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the

automobile in the business of such employer.' Accordingly, regardless of whether the suit is brought against the named insured or the additional insured, the insurer will generally be relieved of liability where the circumstances fall within the language of the exclusionary provision." (Footnotes omitted.)

The language of the contract in this case is similar and the result should be the same. The omnibus clause (see fn. 1) and the clause extending coverage to officers, etc., are part of the definition of the "insured" and the definition specifically provides that "any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment" is not an insured.

## CONCLUSION

The trial court is correct in finding that: "The automobile liability insurance coverage section of the contract is clear and not ambiguous. The issue is whether Mr. Barnette is an insured under the contract. * * *" [5]

The plain and clear definition of the "insured" in that part of the contract does not make Barnette an "insured." Thus, it is unnecessary to consider the applicability of the "cross employee exclusionary" clause of the contract to the facts of this case.

The majority holding contravenes the standard by which we examine contracts on appeal, supra. It is rewriting the contract under the guise of interpretation.

Finally, and as an aside, I discern an inconsistency between (1) our holding in *Barnette v. Doyle,* Wyo., 622 P.2d 1349 (1981) to the effect that Barnette's status was disassociated from his official company position [6] for the purpose of liability under

---

4. The annotation also reflects that there is a definite split of authority upon the question of the effect a "severability of interest" clause has on the insurance coverage *under the exclusion clause* when the actor is not the employer of the injured person.

5. The trial court also explained in what fashion the cases cited to it by plaintiff in support of his position did not apply "to the situation at hand."

6. Barnette was president, director and owner of 50% of the stock of the named insured, Bar-

an action brought against him by Doyle, and (2) the holding of the majority of the court in this case involving the identical incident to the effect that Barnette's status is associated with his official company position for the purpose of insurance carrier liability.

I would affirm.

nette Enterprises, Inc.  His wife owned the        other 50% of the stock.