George Wayne PAGE and Benjamin Clifford Page, Appellants (Defendants),

v.

MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a Wyoming corporation, Appellee (Plaintiff).

Dan Ingalls and James Ingalls, Appellants (Defendants),

v.

Mountain West Farm Bureau Mutual Insurance Company, a Wyoming corporation, Appellee (Plaintiff).

Nos. 98–133, 98–134.

Supreme Court of Wyoming.

April 3, 2000.

Representing Appellants: Mel C. Orchard, III of Meyer & Williams, Jackson, Wyoming; and John R. Hursh of Central Wyoming Law, Riverton, Wyoming.

Representing Appellee: S.B. Freeman, III of Bormuth & Freeman, Cody, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

The issue in this case is whether an insurance carrier can invoke a household exclusion clause when the injured person is a member of the household of the purchaser of the policy, but is not a member of the household of another "insured" under the policy. The trial court granted a summary judgment in favor of Mountain West Farm Bureau Mutual Insurance Company (Mountain West), ruling that the language and intent of the policy were clear. George Wayne Page (George Page), Benjamin Clifford Page (Ben Page), Dan Ingalls, and James Ingalls appeal from the summary judgment contending that the household exclusion clause is not applicable because, Ben Page, the injured person was not a member of the household of the insured who caused the injury (James Ingalls), or, at least, the policy is ambiguous and should be construed in favor of the insured. We agree with the trial court that the policy language is not ambiguous, and that the household exclusion clause is applicable in this instance. The Order Granting Plaintiff's Motion for Summary Judgment is affirmed.

This statement of the issues is found in the Brief of the Appellants George Page and Ben Page and Dan and James Ingalls:

1. In light of the canons of construction applicable to insurance policies, when a ranch employee who qualified as an "insured" under the ranch liability and umbrella policy has been sued in negligence for shooting the rancher's son, can the insurer apply an exclusion for household members, even though the rancher's son is not a member of the ranch employee's family, when the policy contains a severability of interest clause extending separate liability coverage for all insureds?

2. Where the * * * liability insurance policy clearly provides coverage for an employee and certain provisions of the policy broadly define an "insured" as including the ranch employee, and the exclusions portion of the policy refers back to the same definitions of "insured," can the insurer use a different analysis for the same language in excluding coverage?

3. When an insurance policy is ambiguous and unclear and the terms excluding coverage are ambiguous and confusing may the insurance company rely on the policy language to deny coverage?

This Statement of the Issues is found in the Brief of Appellee Mountain West Farm Bureau Mutual Insurance Company:

1. Does the "household exclusion" clause in the liability section of the insurance policy issued to George and Evelyn Page exclude from coverage the bodily injury sustained by Benjamin Clifford Page, regardless of the "insured" against whom a claim is brought?

2. Does the "household exclusion" clause in the umbrella section of the insurance policy issued to George and Evelyn Page exclude from coverage the damages for bodily injury sustained by Benjamin Clifford Page, regardless of the "insured" against whom a claim is brought?

The facts here are not in dispute. Ben Page is a minor who lives with his parents, George and Evelyn Page. George Page is the former employer of Dan Ingalls and Dan's minor son, James Ingalls. In October of 1992, while George Page, Ben Page, and the two Ingalls were gathering cattle east of Jackson, James Ingalls accidentally shot Ben Page. Ben Page's injuries were life-threatening, and his treatment was extremely expensive.

A short time after the accident, in 1992, George Page filed a claim with Mountain West seeking coverage under his farm and ranch Country Squire Insurance Policy. Mountain West denied the claim, advising George Page that the policy did not cover the injuries sustained by Ben Page. In January 1996, Ben Page's attorney contacted Mountain West in an effort to revive the claim.

In May of 1997, Mountain West filed a Petition for Declaratory Judgment, asking the district court to declare that the Page's policy did not provide any coverage for the injuries to Ben Page. In its petition, Mountain West alleged that the plain language of the policy excluded coverage for Ben Page's injuries. George and Ben Page filed an answer in which they alleged coverage under both the liability and umbrella sections of the policy. Dan and James Ingalls filed a separate answer presenting substantially the same allegations as the Pages.

Mountain West and the Pages respectively moved for summary judgment. The trial court held a hearing on the cross-motions for summary judgment on January 26, 1998. On March 3, 1998, the trial court issued its Order Granting Plaintiff's Motion for Summary Judgment. The trial court reasoned:

> The language of the insurance policy in question excludes coverage for personal injury to the insured or family members of the insured. Benjamin Page is a family member of the insured, George Page, as defined by [the] insurance policy. The clear intent of the insurance policy is to prevent the policy from being used to cover personal injuries of the policy holder or his family. Benjamin Page is seeking exactly such coverage under the policy.

From that order, George and Ben Page filed this appeal.

■ The dispute of the parties in this case is over the application of the policy language, but there is no dispute as to what the policy provides. Neither is there any dispute as to the manner in which Ben Page was injured. In such an instance, in accordance with our protocol for reviewing sum-

mary judgments granted pursuant to W.R.C.P. 56, we determine only whether the district court properly applied the law in ordering the summary judgment. *Cities Service Oil and Gas Corp. v. State*, 838 P.2d 146, 151 (Wyo.1992). Our review requires us to interpret the insurance policy under our usual rules of contract interpretation because we treat insurance policies as contracts. *Doctors' Co. v. Insurance Corp. of America*, 864 P.2d 1018, 1023 (Wyo.1993). The rule we apply was articulated in *Arnold v. Mountain West Farm Bureau Mut. Ins. Co., Inc.*, 707 P.2d 161, 166 (Wyo.1985):

> If a contract is clear on its face, we must assume it reflects the intent of the parties. *Schacht v. First Wyoming Bank, N.A.- Rawlins*, Wyo., 620 P.2d 561 (1980). We are not free to rewrite contracts under the guise of interpretation. *Adobe Oil & Gas Corp. v. Getter Trucking, Inc.*, Wyo., 676 P.2d 560 (1984). So long as there is no ambiguity, we are bound to apply the contract as it is written. *Rouse v. Munroe*, Wyo., 658 P.2d 74 (1983).

■ George Page's insurance policy with Mountain West contains five sections, each describing a separate type of coverage. They are: Section I, Property Insurance; Section II, Liability Protection; Section III, Automobile; Section IV, Inland Marine; and Section V, Umbrella Coverages. George Page claims coverage under only Sections II and V, and the general policy language applicable to them, so we limit our analysis to those two sections in light of the general policy language.

The policy includes two pages of definitions that apply to all sections except for Section III. Within those definitions, the following are significant in this case:

> *You* and *your* mean the person named in the Declarations [1] and that person's spouse if a member of the same household. *Insured* means you and if residents of your household:
>
> 1. Your *relatives* ; and
>
> 2. Minors in the care of those named above.

1. The policy contains seven pages of declarations; each one names only "Page, George & Evelyn." Throughout the policy, therefore, *you* and *your* refer only to George and Evelyn Page.

Under Section II of this policy, *insured* also means a person while operating machinery, watercraft, or in charge of your domestic or farm animals with your permission in your operations covered by this policy.

(Emphasis in original.)

Section II provides coverage to insureds for liability due to bodily injury or property damage. The Pages argue that both Dan and James Ingalls are insureds because they had charge over George Page's cattle, with George Page's permission, and in the operations covered by the policy. Therefore, the Pages contend Section II should apply to cover the liability of the Ingalls to Ben Page. In response, Mountain West asserts that even though the Ingalls are insureds under the policy, there is no coverage for Ben Page's injuries in this instance. Mountain West's premise for its argument is the household exclusion clause, found in the Exclusions Applicable to Section II, which provides:

> Section II does not cover *bodily injury* or *property damage* :
>
> 13. Sustained by you or any *insured* as defined in paragraphs (1) and (2) of the definition of *insured*.

(Emphasis in original.) Mountain West argues Ben Page, as a resident of George Page's household, is an insured under paragraph (1) of the definition of insured as a relative of George Page, and under paragraph (2) as a minor in the care of George Page, and for that reason Ben Page's injuries are excluded from coverage.

The Pages' argument focuses on a sophisticated effort to avoid the household exclusion clause. The Pages contend that the policy should be construed to the end that the words "you" and "your" refer only to the insured who is claiming liability coverage under the policy. In other words, "you" means Dan Ingalls when Dan Ingalls is claiming coverage for his liability to Ben Page; "you" means James Ingalls when James Ingalls is claiming coverage for his liability to Ben Page; and "you" means George Page when George Page is claiming coverage for his liability to Ben Page. Under that construction of the policy language, Ben Page's injuries would not be excluded

from coverage because Ben Page is neither a relative of either Dan Ingalls or James Ingalls nor a minor in their care, and Dan and James Ingalls would be covered for their liability to Ben Page.

The Pages base their contention on the policy's severability of interest clause, which they claim limits the household exclusion clause to the household of the individual insured seeking coverage. The severability of interest clause reads: "[t]he insurance provided by this policy applies separately to each *insured* ; however, this provision does not increase our liability limit for one *occurrence*." (Emphasis in original.) The Pages argue that their construction is supported by our decision in *Barnette v. Hartford Ins. Group*, 653 P.2d 1375, 1376–77 (Wyo.1982). In that case, the insurance policy contained a severability of interest clause that identified Barnette as an insured, and a cross-employee exclusion clause that excluded Barnette from the category of insureds. *Id.* After examining the reasons for each of the conflicting clauses, we resolved the inconsistent language of the *Barnette* policy in favor of coverage. *Id.* at 1383.

■ The Page's reliance on *Barnette* is not well founded. In this case, there is no conflicting or ambiguous policy language that requires the penetrating analysis invoked in *Barnette*. In the absence of ambiguity, we must discern the contract's meaning by considering only the four corners of the document. *Rouse v. Munroe*, 658 P.2d 74, 77 (Wyo.1983). A careful reading of the policy leads to the ineluctable conclusion that the trial court's interpretation was correct. The fact that the declarations name specifically only George and Evelyn Page signifies that "you" and "your" refer only to those individuals. It follows that Ben Page, their minor child residing in their home, is an insured under both paragraphs one and two of the definition of "insured." Because Ben Page is so defined as an insured, the household exclusion clause clearly excludes the injuries he suffered from coverage under Section II, regardless of who is responsible for them.

■ The Pages also claim coverage under the Umbrella Coverage in Section V. This

claim must also fail because of an exclusion set forth in the policy. Exclusion number nine specifies there is no coverage for bodily injury "sustained by **you** or any **insured**." (Emphasis in original.) The Pages present the same argument which they invoked to avoid the household exclusion. We reject this argument for the same reasons.

Ben Page merits sympathy because of the grievous injuries that he sustained from the gunshot wound. We cannot stretch our rules of law to grant him the relief he requests. The parties presented no material issues of fact, and the plain language of the policy ·shows that Mountain West was entitled to judgment as a matter of law. We therefore affirm the trial court's grant of summary judgment.