MARY STELIGA, BY ANDREY STELIGA, HER NEXT FRIEND, RESPONDENT, v. THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, APPELLANT.

Submitted January 26, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Mark Townsend, Jr. (Cyril J. Galvin,* of counsel).

For the respondent, *Kenneth G. Caughman (Frank J. Burns,* of counsel).

The opinion of the court was delivered by

LLOYD, J. The action in this case was based upon a policy of insurance issued to one Teofil Halecki and which contained the following provision:

"The policy to which this endorsement is attached is amended to conform with the requirements of chapter 116, laws of 1929 of the State of New Jersey, and all laws amendatory thereof or supplementary thereto which may be or become effective while this policy is in force, as respects any liability for bodily injury or death or liability for property damage covered by this policy, but only to the extent of the coverage and the limits of liability, required by said chapter and only with respect to the motor vehicles disclosed in the policy.

"It is further agreed that to the extent of the coverage required by said chapter and within the limits stated in said chapter, this policy is subject to the following additional provisions contained in said chapter:

"(a) The liability of the company under this policy shall become absolute whenever loss or damage covered by the policy occurs, and the satisfaction by the assured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of such loss or damage. Upon the recovery of a final judgment against the assured for any such loss or damage the judgment creditor shall be entitled to have the insurance provided by this endorsement applied to the satisfaction of the judgment."

Chapter 116 of the laws of 1929, page 195, provides in substance that the commissioner of motor vehicles shall require from persons who shall have been convicted of violation of certain provisions of the Motor Vehicle act, or who shall have been concerned in a motor vehicle accident resulting in the death of or injury to any person or damage to property to the extent of at least $100, proof of financial responsibility, which may take the form of policies of insurance against loss for damage to person or property, and which policy must contain the provisions already recited as incorporated in the policy of insurance issued in this case.

In the present case judgment was recovered by the plaintiff Mary Steliga against Halecki, and without issuing execution against the defendant she proceeded in the present action to

recover the amount of the judgment directly from the insurance company.

The policy in question appears not to have been issued by requirement of the commissioner of motor vehicles, but the plaintiff called Halecki as a witness who testified, over objection, that he had had an automobile accident causing damages to property to the extent of $175. Presumably it was in consequence of this prior accident that the insurance policy was applied for and issue with the terms of the act incorporated therein.

It is urged that the suit was premature; that the action would only lie upon proof of the insolvency of the assured, which could only be established by return of an unsatisfied execution as required by chapter 153 of the laws of 1924; that the judgment in the District Court was erroneous in that it was a single judgment in favor of both plaintiffs; that the court erred in rulings on evidence during the examination of the witness Halecki, and that the plaintiff, being a minor, could not maintain the action against her father, the defendant Halecki.

The answer to the first contention is dependent upon the efficacy of the provisions of the policy which incorporated the obligatory parts of the act of 1929, and our conclusion is that the policy was in that respect valid. It is urged that because the policy was not issued at the demand of the commissioner of motor vehicles, it therefore had no legal status. We do not agree with this proposition. It is true the act directs that the commissioner shall require proof of responsibility in such cases, but it does not make such action a condition precedent to the validity of insurance effected in accordance with its terms. The insured, being in the class requiring such proof, was not obliged to wait until the commissioner should act before complying with the terms of the act by establishing through insurance the proof of responsibility which the law required. It was likewise optional with the company to assume such liability, but if it did so it could not escape the responsibility thus undertaken.

The claim that the judgment sued on was for a single sum in favor of two plaintiffs is not substantiated by the facts. The record shows but one state of demand, and that in behalf of Mary Steliga in whose favor a single judgment was rendered for $500. There was no error committed in the rulings on evidence. It was proper for the plaintiff to show that Halecki had had a previous accident involving damage to property, and the questions asked by appellant's counsel were all properly overruled as not proper cross-examination.

Respecting the contention as to the right of the plaintiff to sue her father, even on appellant's own claim that emancipation was essential, proof of such emancipation seems to have been produced.

The judgment is affirmed, with costs.