80 N.J. Super. 7 (1963)
192 A.2d 592
MERCHANTS INDEMNITY CORPORATION OF NEW YORK, PLAINTIFF-RESPONDENT,
v.
VICTORY IRON WORKS, INC., MARTIN EDSON, JR., DEFENDANTS, AND JOHN R. HENCHES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 1963.
Decided June 28, 1963.
*8 Before Judges CONFORD, GAULKIN and KILKENNY.
*9 Mr. Seymour M. Karas argued the cause for the defendant-appellant
Mr. William V. Breslin argued the cause for the plaintiff-respondent.
No appearance for Victory Iron Works, Inc. or Martin Edson, Jr.
The opinion of the court was delivered by GAULKIN, J.A.D.
In this declaratory judgment action the trial judge held that the automobile liability policy issued by plaintiff Merchants Indemnity Corporation of New York (Merchants) to Victory Iron Works, Inc. (Victory) did not obligate Merchants to defend Edson from the action brought against him by Henches. Henches alone appeals.
It is agreed that Edson and Henches, employees of Victory traveling in a Victory vehicle on company business with Edson driving, were involved in a collision which resulted in Henches' injuries.
Merchants' policy contained the usual omnibus clause but it provided:
"* * * The insurance with respect to any person or organization other than the named insured or * * * spouse does not apply:

* * * * * * * *
(2) to any employee with respect to injury to * * * another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."
The reason for such a provision is stated in an annotation in 50 A.L.R.2d 78, 99 (1956) as follows:
"Probably as a result of the decisions * * * holding that an exclusion of liability for injury to an employee of `the insured' was applicable only where the injured party was an employee of the tortfeasor in whose behalf the insurance protection was invoked, a number of insurers began to include in their policies, ordinarily as a limitation of the coverage provided by the omnibus clause, a stipulation *10 that the insurance did not extend to liability arising from an action by one employee of the insured against another such employee. Such clauses have usually been held effective to protect the insurer in the situation where one employee of the insured brings an action or recovers against another such employee for negligence in the operation of the insured vehicle."
Henches concedes that Cutone v. Massachusetts Bonding and Ins. Co., 53 N.J. Super. 165 (App. Div. 1958), so held. However, he argues that under the special facts of the case at bar the quoted provision is void because (quoting from the pretrial order) "both Victory and Edson were persons coming within the purview of the Financial Responsibility Act; that the policy issued by the pltf was required to comply with said act and * * * the provision which makes the insurance inapplicable by one employee against another is in violation of the Financial Responsibility Act * * *." He bases this argument upon N.J.S.A. 39:6-46(a), which provides that a liability policy "furnished as proof of financial responsibility" under the Motor Vehicle Security-Responsibility Law shall "insure the insured named therein and any person using * * * such motor vehicle * * *" with the consent of the insured.
Henches tells us in his brief that the case was submitted to the trial judge for decision upon "oral stipulations" made in the judge's chambers. Apparently no record was made of the stipulations. Henches' brief says that one of the stipulations was "that Edson had previous accidents with company vehicles; that Merchants had knowledge of this and that the policy in question falls within the purview of the Motor Vehicle Financial Responsibility Act and is governed thereby." The trial judge, in his opinion, reports the stipulation somewhat differently. He says: "The parties also agree that defendant Edson had previous accidents with company vehicle and the insurance was required to cover him under the Financial Responsibility Law and the plaintiff insurance company had knowledge of this fact." However, although Merchants admits that it stipulated that Edson had previous *11 accidents with company vehicles, it denies that it agreed that the policy "falls within the purview of the Financial Responsibility Act." Parenthetically, this demonstrates the importance of making a record of all such stipulations.
We, of course, accept the judge's report that such a stipulation was made. However, being unable to determine what either Henches' or the trial judge's version of the stipulation meant, we asked the parties for further details. They advised us that the Merchants' policy was issued to Victory alone, and does not mention Edson; the Motor Vehicle Director never requested the filing of security or proof of financial responsibility; and Henches' only reason for asserting that "the policy in question falls within the purview of the Motor Vehicle Financial Responsibility Act" was that Edson had had previous accidents while driving Victory vehicles.
It is clear that the only provisions of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 to 57, implicated by the facts of which we were advised by counsel are those which, with certain exceptions, require operators and owners of motor vehicles which have been involved in accidents resulting in bodily injury or death, or damage to property exceeding $100, to deposit security to satisfy any judgments resulting from such accident. N.J.S.A. 39:6-25 et seq. But those provisions do not require the obtaining of liability insurance, although N.J.S.A. 39:6-25(c) exempts from the requirement of posting security those who are adequately insured.
Moreover, Edson is exempted from the operation of N.J.S.A. 39:6-25 by N.J.S.A. 39:6-26(c). That section provides that "the operator if he was a chauffeur or operator employed by the owner of the motor vehicle and was operating with the permission of the owner * * *" need not comply with N.J.S.A. 39:6-25 if the only charge against him is that he had had such an accident. N.J.S.A. 39:6-31 (a) to (f) [replacing R.S. 39:6-1(a) to (f)] requires the director to demand proof of financial responsibility to satisfy claims for future damages from those guilty of enumerated *12 crimes or offenses. If Edson fell within these provisions, he would have been required to file proof of financial responsibility, or comply with N.J.S.A. 39:6-33; but it is not suggested that he did come within N.J.S.A. 39:6-31.
It appears to us that this stipulation must have been based upon the case of Standard Accident Ins. Co. v. Allstate Ins. Co., 72 N.J. Super. 402 (App. Div. 1962). That case seems to have held, in part, at pp. 411-413, that any policy relied upon as satisfying N.J.S.A. 39:6-25(c)(1) must comply with N.J.S.A. 39:6-46 to 48, which prescribes the form of policy to be submitted by those who must file proof of financial responsibility. Unfortunately, upon our further consideration of the question, we find that we must disagree with some portions of that opinion.
We hold, first, that under the present Motor Vehicle Security-Responsibility Law, the mere fact that a person had an accident involving bodily injury or death or property damage over $100 does not automatically bring the automobile policy issued to him thereafter within the purview of sections 39:6-46 to 48, even if the insurance company knew of the previous accident. For reasons which no longer exist, as we shall demonstrate infra, it did under the old law, R.S. 39:6-1(g), repealed by L. 1952, c. 173, § 34, p. 570. Steliga v. Metropolitan Casualty Ins. Co. of N.Y., 113 N.J.L. 101, 103 (Sup. Ct. 1934), affirmed o.b. 114 N.J.L. 156 (E. & A. 1934); United States Casualty Co. v. Timmerman, 118 N.J. Eq. 563, 567 (Ch. 1935); Continental Casualty Co. v. Lanzisero, 119 N.J. Eq. 166, 168 (E. & A. 1935); Woloshin v. Century Indemnity Co., 116 N.J.L. 577, 579 (Sup. Ct. 1936); Atlantic Casualty Insurance Co. v. Bingham, 10 N.J. 460 (1952); Saffore v. Atlantic Casualty Ins. Co., 21 N.J. 300, 309 (1956).
Second, we disagree with the holding in Standard Accident Insurance Co. v. Allstate Ins. Co., supra, that a policy must comply with N.J.S.A. 39:6-46 to 48 to be acceptable as exempting an owner or operator under N.J.S.A. 39:6-25(c), referred to above.
*13 R.S. 39:6-1, now repealed, provided that "The commissioner shall require proof of financial responsibility" from seven categories of persons. The first six consisted of those who had committed specified crimes or offenses. R.S. 39:6-1(a) to (f). The seventh, (g), consisted of those who had "been concerned in a motor vehicle accident resulting in the death of or injury to a person, or damage to property to the extent of at least one hundred dollars, or, in the discretion of the commissioner, from a person in whose name such motor vehicle is registered, or both * * *." When proof of financial responsibility was required, a policy had to comply with R.S. 39:6-18. R.S. 39:6-2 provided that upon failure to furnish the required proof of financial responsibility the commissioner was to suspend or revoke the license and registration.
However, it is to be noted that the proof of financial responsibility required by R.S. 39:6-1 was to pay damage claims arising out of future accidents. There was no requirement, as there is now under N.J.S.A. 39:6-25, for security for payment of the damages for the past accident.
The rationale of the Steliga case and the cases construing R.S. 39:6-1(g) which followed it, cited above, was that, even if the commissioner did not call upon one who had been involved in such an accident to furnish proof of financial responsibility, the motorist had the right to assume that he would, and to procure the policy in anticipation thereof; and therefore the policy was held automatically to include the coverage terms required by the Financial Responsibility Law. However, under L. 1952, c. 173, which with its amendments and supplements is our present N.J.S.A. 39:6-23 et seq., mere involvement in such an accident no longer requires filing proof of financial responsibility. N.J.S.A. 39:6-25, which took the place of the repealed R.S. 39:6-1(g), requires the posting of security, after such an accident, sufficient in the opinion of the director "to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner," but not proof of financial *14 responsibility for future accidents. Hence the basis for the Steliga rule no longer exists.
The language of N.J.S.A. 39:6-25 makes it obvious that what our present law seeks from one whose only dereliction is that he has been involved in an accident is that he post security for the payment of the damages, and it is immaterial how that security is provided, so long as it is convertible into cash with a celerity satisfactory to the director. N.J.S.A. 39:6-25 expressly permits security in the form of cash, a bond, or any kind of policy, so long as it will cover the damages; and there is no requirement that the policy comply with N.J.S.A. 39:6-46 to 48. If the policy does not cover the accident, the remedy is the suspension of the license and registration, and not to construe the policy so that it must cover. And, as we have said, N.J.S.A. 39:6-26(c) exempts from the necessity of posting such security any "operator if he was a chauffeur or operator employed by the owner of the motor vehicle and was operating with the permission of the owner."
As we have mentioned above, there are, of course, other sections of the present act which do require the filing of proof of financial responsibility, but they all involve the presence of elements beyond the mere happening of an accident. See, for example, N.J.S.A. 39:6-31; 39:6-35; 39:6-39; 39:6-40. Cf. N.J.S.A. 39:6-33.
In Buzzone v. Hartford Accident & Indemnity Co., 41 N.J. Super. 511 (App. Div. 1956), affirmed 23 N.J. 447 (1957), Chief Justice Weintraub (then Judge) said, at p. 517, that "the insurer is not liable under our financial responsibility law unless the insured was a person who could have been called upon to furnish proof of responsibility." Here neither Victory nor Edson was required to furnish such proof. Consequently, the policy here involved did not come under the purview of N.J.S.A. 39:6-46 to 48. Therefore, the argument that the quoted policy provision is contrary to N.J.S.A. 39:3-46 to 48 is irrelevant.
In short, we hold that the policy in question was not required to comply with N.J.S.A. 39:6-46 to 48. Hence we *15 do not reach the question whether the challenged provision was invalid because it conflicted with those sections of the statute. As written, it did not cover this accident.
The judgment is therefore affirmed. No costs.