244 N.J. Super. 510 (1990)
582 A.2d 1274
ALFRED LOVETT, PLAINTIFF-APPELLANT,
v.
ALAN LAZAROFF & COMPANY, ALAN LAZAROFF, AND NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANTS-RESPONDENTS, AND CONTINENTAL INSURANCE COMPANY OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1990.
Decided November 28, 1990.
*511 Before Judges BILDER, MUIR, Jr. and BROCHIN.
Robert G. Mazeau argued the cause for appellant (William E. Rabb, attorney; Robert G. Mazeau, on the brief).
Michael D. Suarez argued the cause for respondents Alan Lazaroff & Company and Alan Lazaroff (Suarez & Suarez, attorneys; Michael D. Suarez, of counsel; Alan S. Pollack, on the brief).
Peter R. Feehan argued the cause for respondent New Jersey Automobile Full Insurance Underwriting Association (Feehan & Feehan, attorneys; Peter R. Feehan, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is an insurance coverage case. Plaintiff, injured while a passenger in an uninsured vehicle involved in a New York accident, sought to obtain Personal Injury Protection (PIP) benefits as an additional insured under a New Jersey Automobile Full Insurance Underwriting Association (JUA) policy alleged to have been issued to his mother. He brought suit against the JUA, its servicing carrier Continental Insurance Co. *512 and the broker who had handled the insurance application, Alan Lazaroff & Co. Plaintiff appeals from summary judgments granted in the Law Division dismissing all claims. We are required to revisit the problem of the dishonored initial premium check with which we dealt in Tucker v. Allstate Ins. Co., 195 N.J. Super. 230, 478 A.2d 1220 (App.Div. 1984).
On September 10, 1986 plaintiff's mother, Viola Lovett, sought to obtain a JUA policy through defendant Lazaroff. The statute creating JUA preconditioned coverage on timely payment of the initial premium.
No person shall * * * be deemed a qualified applicant * * * if timely payment of premium is not tendered. N.J.S.A. 17:30E-3(m).
In accordance with this statutory directive, the application which Mrs. Lovett signed provided:
(6) I agree that no coverage will be in effect if my premium remittance which accompanies this application and is forwarded to the Servicing Carrier, is justifiably dishonored by the financial institution.
Mrs. Lovett delivered a check (drawn on her daughter's account) for $92 as the initial premium and entered into an agreement to finance the balance of the premiums through Motor Club of America Finance Company. In accordance with its usual procedure Lazaroff deposited the received check and forwarded its own check for the premium deposit to Continental with the application. On September 26, 1986 Lazaroff was informed the Lovett check had been returned unpaid because the account had been closed. On September 29, 1986 it wrote Viola Lovett informing her that the check had been returned because the account had been closed and requesting payment, in the form of cash, certified check or money order, within 10 days. She was advised "If this payment is not received within ten days, your automobile insurance policy will be voided and you will have had no coverage since 09/10/86." On October 15, 1986, no payment being forthcoming, Lazaroff notified Continental that the check had "bounced" and requested cancellation. On October 18, 1986 Continental advised Mrs. Lovett that *513 her policy had been cancelled, ab initio, as of September 10, 1986.
During the interval, on October 4, 1986, plaintiff, a resident in his mother's home, was involved in the uninsured-automobile accident. On December 9, 1986 he made a claim for PIP benefits under his mother's policy. Continental disclaimed on the ground of the cancellation.
On appeal, plaintiff contends that genuine disputes exist as to material issues of fact such as bar the grant of a summary judgment. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75, 110 A.2d 24 (1954). He identifies these as including a contention that Lazaroff's check to Continental was an extension of credit to Mrs. Lovett for her initial premium payment and a waiver of the statutory JUA requirement and a contention that a special relationship existed between Lazaroff and the Lovett family by virtue of a continuous insurance business relationship which created special fiduciary obligations which he presumably argues required protection for Mrs. Lovett against cancellation. The arguments contained in plaintiff's brief do not clearly spell out these contentions but these seem to be the best that can be made of the arguments put forth.
We are satisfied plaintiff's contentions are clearly without merit. R. 2:11-3(e)(1)(A) and (E). We agree with the trial judge that the insurance policy issued to Mrs. Lovett was void ab initio. See Tucker v. Allstate Ins. Co., supra; also Fisher v. New Jersey Auto Full Ins., 224 N.J. Super. 552, 557, 540 A.2d 1344 (App.Div. 1988). Unlike Fisher, where the claimant was injured as a passenger in the insured car, plaintiff's claim arises from an accident totally unrelated to Mrs. Lovett's vehicle. His claim is not that of an innocent third party injured as a result of the operation of the insured vehicle, but rather that of an additional insured seeking to recover under the terms of a void contract. We add only that the practice of sending *514 the broker's check for the premium deposit to the servicing carrier was employed in Tucker also.
Affirmed.