781 A.2d 1101 (2001)
344 N.J. Super. 319
PALISADES SAFETY & INSURANCE ASSOCIATION, Plaintiff-Respondent,
v.
Leonel BASTIEN, Paule Bastien, Defendants-Appellants, Mary Laroche, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 2001.
Decided October 10, 2001.
Ramon Rubio, Mountainside, argued the cause for appellants (Robert A. Lord, attorney; Mr. Rubio on the brief).
Lawrence F. Citro, Jersey City, argued the cause for respondent (Fishman & Callahan, attorneys; Mr. Citro on the brief).
Before Judges SKILLMAN, CARCHMAN and WELLS.
The opinion of the court was delivered by WELLS, Judge.
Leonel and Paule Bastien, defendants in a declaratory judgment action filed by plaintiff, Palisades Safety and Insurance Association, an automobile insurance carrier, appeal from a final order of the Law Division, Hudson County, which declared a policy of insurance issued to Leonel did not provide personal injury protection (PIP) benefits to Paule, his wife. The *1102 order was entered upon a motion for summary judgment.
The facts before the motion judge were undisputed. Leonel applied for automobile coverage from Palisades on November 18, 1996. He listed his address as "1436 Frances Lane, Plainfield, N.J., 07060." He falsely listed himself as the only resident and described himself as single even though Leonel was married to Paule who lived with him at 1436 Frances Lane. Two cars, registered in the name of Leonel, were to be covered, a "1990 Hyundia (sic) Excel, 2dr" and a "1995 Land Rover Discover." Leonel also signed a Palisades Membership Authorization in November 1996, which falsely listed him as the only driver of the two vehicles and certified to the truth of the information. We note that there was no evidence that Paule knew of or participated in the false representations.
Palisades issued a policy of insurance effective November 22, 1996, for one year. It contained a provision which stated the company did not provide coverage for any person who has knowingly concealed or misrepresented any material fact at the time of the application. In July 1997, Leonel added coverage for a "97 Mazda 626." He made no other changes to the information supplied to Palisades.
Palisades' underwriting manager certified that the premium, based on Leonel's application as submitted, was $2201. She stated that had the application revealed the existence of Paule as a second resident driver, the premium would have been $2350, a difference of $149.
On October 3, 1997, Paule, driving the Mazda in the company of her mother, Mary LaRoche, suffered a motor vehicle collision. Both were injured as the result. Paule and Mary filed PIP claims. On December 1, 1997, Palisades filed a declaratory judgment action seeking a declaration that the insurance policy issued to Leonel "be declared void from its inception." Following a period of discovery, Palisades filed a motion for summary judgment. The court granted the motion as to Paule and also limited Mary LaRoche's PIP benefits to the minimum. Thereafter, following a motion to reconsider the judge once again granted Palisades summary judgment as to Paule Bastien with respect to its claims that she "is not entitled to the status of innocent third party as set forth in Lovett v. Alan Lazaroff & Co., 244 N.J.Super. 510, 582 A.2d 1274 (App.Div.1990)."
We affirm. In Allstate Ins. Co. v. Meloni, 98 N.J.Super. 154, 158-159, 236 A.2d 402 (App.Div.1967), we held:
In general, a representation by the insured, whether contained in the policy itself or in the application for insurance, will support the forfeiture of the insured's rights under the policy if it is untruthful, material to the particular risk assumed by the insurer, and actually and reasonably relied upon by the insurer in the issuance of the policy.
[Citations omitted.]
There the misrepresentation was that no member of the insured's household had his or her driver's license suspended when in fact the insured's spouse had suffered several suspensions. Other cases have applied the rule in various factual scenarios. Fisher v. New Jersey Auto. Full Ins. Underwriting Ass'n, 224 N.J.Super. 552, 556-57, 540 A.2d 1344 (App.Div.1988)(holding that the false representation that the insured vehicle was registered in New Jersey was material and justified voiding it); Marotta v. New Jersey Auto. Full Ins. Under. Ass'n, 280 N.J.Super. 525, 532-33, 656 A.2d 20 (App.Div.1995)(holding that a misrepresentation that the insured was a resident of New Jersey was sufficient to void a liability policy as to the insured but *1103 not as to injured third parties for the minimum statutory limits.)
The Bastiens nonetheless argue that the misrepresentation was not material; that Palisades failed to investigate the application and did not rely on it; and that, because Paule was not a licensed New Jersey driver, Palisades' risk was not materially affected.
We reject these contentions. Misrepresentations to an insurance company which, if the truth were known, would affect the premium charged or exposure to the risks of providing the coverage are material. In Massachusetts Mut. Life Ins. Co. v. Manzo, 122 N.J. 104, 111, 584 A.2d 190 (1991), the Court held that an insurance company could retroactively rescind a life insurance policy after the death of the insured based on his failure to disclose a health condition that would have caused the insurance company to charge a substantially higher premium. Here it is clear from the affidavit submitted by Palisades' underwriting manager that representations about resident household members and drivers are relied upon to establish premiums. In Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 541-542, 582 A.2d 1257 (1990), the Court held:
The right rule of law, we believe, is one that provides insureds with an incentive to tell the truth. It would dilute that incentive to allow an insured to gamble that a lie will turn out to be unimportant. The focus, therefore, should be on the time when the insured is about to let loose the lie. An insured's misstatement is material if when made a reasonable insurer would have considered the misrepresented fact relevant to its concerns and important in determining its course of action. In effect, materiality should be judged according to a test of prospective reasonable relevancy.
[Citations omitted.]
Clearly, it is "prospectively reasonably relevant" to an auto carrier whether it is insuring one resident driver or two, particularly with respect to no-fault benefits such as PIP where the exposure is potentially $250,000.
The Bastiens also argue that a simple check of the Division of Motor Vehicles' records would have revealed Paule's name and address. In addition, they argue coverage of three cars on one policy should have triggered a further inquiry into the question of other resident drivers. A somewhat similar contention that an insurance company's failure to investigate should impugn its reliance on the application was made in Allstate, supra, 98 N.J.Super. at 160-61, 236 A.2d 402. We rejected it there and here as well. Paule was registered out-of-statea Division of Motor Vehicles check would not have revealed her. More importantly, the number of cars insured is not sufficiently related to the number of drivers to trigger an investigation of the application. Finally, we are reluctant to burden the underwriting process with investigation of such basic information so readily available from the insured.
The Bastiens further contend that because Paule was licensed in another state, even had he disclosed her as a resident driver, the premium would not have been different. Here, they minimize the $149 difference in premium charge and contend that the fact she was licensed in another state did not prejudice Palisades. However, we discern no support for this argument in the record. The Palisades certification states that among the critical determinants of the premium is the number of resident members of the insured's household who are drivers. There was no opposing certification which raised a question that a factor in calculating the *1104 premium is the state in which the driver is licensed.
The Bastiens finally argue that even were we to void the policy, Paule's claim for PIP benefits should not be affected. They cite Fisher, supra, 224 N.J.Super. at 557-59, 540 A.2d 1344. There, although the policy was voided for a material misrepresentation, PIP coverage was found for a passenger who was not a resident member of the named insured household. Ibid. The opinion described the plaintiff as "a member of the public." Id. at 557, 540 A.2d 1344. The decision rested on our construction of the No-Fault Law, N.J.S.A. 39:6A-3 et seq., that an insurance company's liability to a misrepresenting insured was distinct from its liability to injured third parties. We stated:
"[I]t has been universally held or recognized that an insurer cannot, on the ground of fraud or misrepresentations relating to the inception of the policy, retrospectively avoid coverage under a compulsory or financial responsibility insurance law so as to escape liability to a third party." 7 Am.Jur.2d, Automobile Insurance § 37, p. 493 (1980); Accord, Annot., "Rescission or avoidance, for fraud or misrepresentation, of compulsory, financial responsibility or assigned risk automobile insurance." Since PIP coverage is compulsory for any automobile "registered or principally garaged in this State" N.J.S.A. 39:6A-3 (Emphasis added); N.J.Super. 39:6A-4, neither Lafferty's failure to register the car, which was principally garaged in new Jersey, nor his subsequent misrepresentation would preclude plaintiff's right of recovery. To hold otherwise and allow the insurer to declare a compulsory automobile liability insurance policy void ab initio after a third party is injured simply because the insured was not a qualified Association applicant would undermine the legislative purpose of our No-Fault Law.
[Fisher, supra, 224 N.J.Super. at 558-59, 540 A.2d 1344 (Citations omitted.) ]
But in Lovett v. Alan Lazaroff & Co., 244 N.J.Super. 510, 582 A.2d 1274 (App.Div.1990), we limited Fisher to its facts. There a son sought to recover PIP benefits under a policy issued to his mother with whom he resided. At the time of the accident he was a passenger in an uninsured vehicle. When the mother's policy was voided because the initial premium check was dishonored, we denied benefits to the son. That holding was followed by Marotta, supra, 280 N.J.Super. at 532-33, 656 A.2d 20, where a liability policy issued on misrepresentations was voided, but only as to policy limits in excess of the compulsory insurance for the benefit of injured third parties.
The motion judge ultimately denied Paule PIP benefits by concluding that while Paule may have been innocent of her husband's misrepresentations she was not a third party. She was a member of the Leonel's household making a claim for first party PIP benefits. We agree with that analytical approach and with his reliance on Lovett. The public policy considerations which grant minimum statutory liability coverage for the benefit of injured third parties do not apply in the case of first party benefits to a resident spouse. On its facts, this case is much closer to Lovett than to Fisher. Accordingly, the judge's conclusion to deny Paule PIP benefits was correct.
Affirmed.